UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KENNETH DICK,<br><br>                  Plaintiff,<br><br>   v.<br><br>KEVIN KEMPF; CANYON COUNTY SHERIFF KIERAN DONAHUE; JEFFERSON COUNTY SHERIFF BLAIR OLSEN; LT. ORTEGA; SGT. HERNANDEZ; SGT. BUSH; SGT. HANSEN; ALAN STEWART; and JEFF KIRKMAN,<br><br>                  Defendants. | Case No. 1:16-cv-00253-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

      Plaintiff Kenneth Dick, a prisoner in the custody of the Idaho Department of Correction ("IDOC"), is proceeding pro se in this civil rights action. Pending before the Court is a Motion to Dismiss filed by Defendants Jefferson County Sheriff Blair Olsen, Lieutenant Ortega, Sergeant Hernandez, Sergeant Bush, and Sergeant Hansen (the "Jefferson County Defendants")—the only Defendants remaining in this case.[1] (Dkt. 21.)

---

[1]     United States Magistrate Judge Ronald E. Bush initially reviewed Plaintiff's Complaint under 28 U.S.C. § 1915A and determined that the Complaint did not state a plausible claim for relief against Defendants Kevin Kempf, Alan Stewart, or Jeff Kirkman. (*See* Dkt. 7.) Judge Bush later granted Plaintiff's motion to voluntarily dismiss his claims against Defendant Donahue. (*See* Dkt. 39.) Because all appearing parties at the time those Orders were entered had consented to magistrate judge jurisdiction, the

**MEMORANDUM DECISION AND ORDER - 1**

Also pending are Plaintiff's Motion to Supplement his Complaint and Motion to Accept Exhibits as Response to Discovery. (Dkt. 45, 49.)

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record and that oral argument is unnecessary. Accordingly, because the Court finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument. D. Idaho Loc. Civ. R. 7.1. Accordingly, the Court enters the following order denying Plaintiff's motions, granting the Jefferson County Defendants' motion, and dismissing this case.

## BACKGROUND

Plaintiff is currently incarcerated at the Idaho State Correctional Institution. Plaintiff claims that, after he was convicted and sentenced in his state criminal case, he was not provided with adequate legal materials and, therefore, was unable to file a timely appeal of his sentence. (Compl., Dkt. 3.) The Jefferson County Defendants have established, and Plaintiff does not dispute, that Plaintiff's judgment of conviction in his

---

Orders were appropriate at that time under this Court's then-existing precedent. *See Kelly v. Rolland*, No. 1:16-CV-00149-CWD, 2016 WL 3349222, at *1 (D. Idaho June 14, 2016) (citing *United States v. Real Property*, 135 F.3d 1312, 1316 (9th Cir. 1998) and *Walters v. Astrue*, 2008 WL 618933 (N.D. Cal. 2008).

However, the Ninth Circuit recently held that a magistrate judge lacks the authority to dismiss claims unless all *named* parties have consented—even unserved parties. Because of the *Williams* decision, and because it is unclear whether that holding applies to plaintiffs' motions to voluntarily dismiss claims, this case was reassigned to the undersigned district judge. *See Williams v. King*, ___ F.3d ___, No. 15-15259, 2017 WL 5180205, at *2 (9th Cir. Nov. 9, 2017).

The Court has conducted an independent review of the initial Complaint and, though that review has been de novo, agrees with Judge Bush's analysis and conclusion that the Complaint does not state a plausible claim for relief against Defendants Kempf, Stewart, or Kirkman. The Court also confirms Judge Bush's grant of Plaintiff's motion for voluntary dismissal of the claims against Defendant Donahue.

**MEMORANDUM DECISION AND ORDER - 2**

underlying criminal case was entered on November 3, 2014. (Ex. A to Aff. of Sam L. Angell (Dkt. 21-2).)

Plaintiff states that he was incarcerated at the Canyon County Jail from November 1, 2014, until December 17, 2014, when he was transferred to the Jefferson County Jail. Plaintiff claims that the Jefferson County Jail failed to provide sufficient legal resources to allow Plaintiff to appeal his conviction. (Compl. at 3.) Plaintiff remained in the custody of Jefferson County until May 29, 2015, when he was transferred to IDOC custody. (*Id*. at 4-7.)

Plaintiff claims that the Jefferson County Defendants—the sheriff and four jail deputies—violated his right of access to the courts.

## DISCUSSION

1. **Plaintiff's Motion to Supplement**

Plaintiff filed the instant action in June 2016. One year later, Plaintiff filed his Motion to Supplement his Complaint. (Dkt. 45.) Plaintiff seeks to reassert claims against Defendant Stewart, one of the initial Defendants in this case. Plaintiff also seeks to assert claims against new defendants—Sergeant Barroso, Keith Yordy, Sergeant Martin, Deputy Warden Osburn, and Deputy Warden Valley. (*See* Dkt. 46.)

Because the proposed supplement describes events that occurred both before and after the date of Plaintiff's initial Complaint, the Court construes Plaintiff's Motion as a motion to amend the Complaint, rather than a motion to supplement the complaint. *See* Fed. R. Civ. P. 15(d) (describing a supplemental pleading as one that sets out "any

transaction, occurrence, or event that happened *after* the date of the pleading to be supplemented" (emphasis added)).

Amendments to pleadings are governed by Rule 15 of the Federal Rules of Civil Procedure. That rule states that the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," it is appropriate for a court to grant leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Although several factors contribute to the analysis of whether a plaintiff should be allowed an opportunity to amend, futility alone can justify denying such an opportunity. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

As for the claims intended to be asserted against new defendants, Plaintiff's supplement describes events that took place after he was transferred out of the custody of Jefferson County. Therefore, allowing the supplement would have no effect on the claims against the only remaining Defendants, and amendment would be futile as to Plaintiff's claims against those Defendants. As for the reasserted claims against Defendant Stewart, Plaintiff does not explain why it took him over a year from the date this case was filed— and approximately seven months from the date that Judge Bush determined that the Complaint failed to state a plausible claim against Defendant Stewart—to submit his supplement. Because the delay is unexplained, the Court finds it was also undue.

**MEMORANDUM DECISION AND ORDER - 4**

For these reasons, Plaintiff's motion to supplement will be denied.

**2.     Jefferson County Defendants' Motion to Dismiss**

*A.     Standards of Law*

To survive a motion to dismiss under Federal Rule of Civil Procedure 12, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal is appropriate if there is a lack of any cognizable legal theory or a failure to plead sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A complaint fails to state a claim for relief if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, although Rule 8 "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

Though a plaintiff must provide sufficient facts to survive a motion to dismiss, providing too much in the complaint may also be fatal to a plaintiff. Dismissal may be

appropriate when the plaintiff has included sufficient allegations disclosing some absolute defense or bar to recovery. *See Weisbuch v. County of Los Angeles,* 119 F.3d 778, 783, n. 1 (9th Cir. 1997) (stating that "[i]f the pleadings establish facts compelling a decision one way, that is as good as if depositions and other ... evidence on summary judgment establishes the identical facts"). "Although Federal Rule of Civil Procedure 8(a)(2) requires only that a plaintiff's complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' by going beyond the bare minimum, a plaintiff may plead herself out of court." *Warzon v. Drew,* 60 F.3d 1234, 1239 (7th Cir. 1995) (quoting *Thomas v. Farley,* 31 F.3d 557, 558–59 (7th Cir. 1994)).

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court generally should not consider materials outside the complaint and pleadings. *See Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1997). However, the court may consider attachments to the complaint and any document referred to in (even if not appended to) the complaint, where the authenticity of such a document is not in question. *Id.* at 622-23. A court may also take judicial notice of matters of its own records, *In re Korean Air Lines Co., Ltd., Antitrust Litigation*, 642 F.3d 685, 689 n.1 (9th Cir. 2011), and public records, such as records and reports of administrative bodies, *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (explaining that a court may judicially notice matters of public record unless the matter is a fact subject to reasonable dispute).

Plaintiff brings access-to-courts claims under 42 U.S.C. § 1983, as well as Idaho constitutional claims. (Dkt. 3, 7.) To state a constitutional access-to-courts claim under § 1983, a plaintiff must plausibly allege that he suffered an actual injury as a result of the defendant's actions. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). Because the right of access to the courts is not an "abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id.* at 351.

Actual injury may be manifest if the alleged denial of access "hindered [the plaintiff's] efforts to pursue a legal claim," such as having his complaint dismissed "for failure to satisfy some technical requirement," or if he "suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by [the defendants' actions] that he was unable even to file a complaint." *Id.* at 351. The Constitution does not require that inmates "be able to conduct generalized research, but only that they be able to present their grievances to the courts—a more limited capability that can be produced by a much more limited degree of legal assistance." *Id.* at 360.

The right of access to the courts is limited and applies only to direct appeals from convictions for which the inmates are incarcerated, habeas petitions, and civil rights actions regarding prison conditions. *Id.* at 354. "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355 (emphasis omitted). "In other words, *Bounds*

does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Id.*

Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a suit that now cannot be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 413-15 (2002). To state an access to courts claim that a prisoner suffered the loss of a suit that now cannot be brought, the prisoner must allege specific facts supporting three elements: (1) official acts that frustrated the inmate's litigation activities; (2) loss of a "nonfrivolous" or "arguable" underlying claim that must be set forth in the federal complaint, including the level of detail necessary "as if it were being independently pursued"; and (3) specific allegations showing that the remedy sought in the access to courts claim is not otherwise available in another suit that could be brought. *Id.* at 415-17. "There is, after all, no point in spending time and money to establish the facts constituting denial of access when a plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element." *Id.* at 415.

A prisoner asserting an access to courts claim must also allege facts showing that the alleged violation of his rights was proximately caused by a state actor. *Phillips v. Hust*, 477 F.3d 1070, 1077 (9th Cir. 2007), *vacated on other grounds*, *Hust v. Phillips*,

550 U.S. 1150 (2009); *see also Crumpton*, 947 F.2d at 1420. The proximate cause analysis focuses on whether it was foreseeable that the state actor's conduct would result in a deprivation of the prisoner's right of access to the courts. *Phillips*, 477 F. 3d at 1077 (citing *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Regional Planning Agency*, 216 F.3d 764, 784-85 (9th Cir. 2000)).

### B. *Plaintiff's Claims Against the Jefferson County Defendants Must Be Dismissed*

According to Plaintiff's Judgment of Conviction and Commitment, the criminal judgment against Plaintiff was entered on November 3, 2014.[2] (Ex. A to the Affidavit of Sam Angell, Dkt. 21-2.) Because Plaintiff had 42 days to file a direct appeal from his conviction and sentence (*see* Idaho App. R. 14), his notice of appeal was due no later than December 15, 2014. Plaintiff acknowledges that he was not transferred to Jefferson County custody until December 17, 2014. Therefore, any violation of Plaintiff's right of access to the courts, resulting in the loss of his ability to appeal, occurred *before* Plaintiff was placed in the Jefferson County Jail. It necessarily follows that the actions of the Jefferson County Defendants did not proximately cause the alleged violation of Plaintiff's right to access the courts. *Phillips*, 477 F.3d at 1077; *Crumpton*, 947 F.2d at 1420.

Plaintiff claims that he could have filed a late notice of appeal while incarcerated at the Jefferson County Jail and that, therefore, dismissal of his claims against the

---

[2] Because the Judgment is a public record and is not disputed, the Court takes judicial notice of Plaintiff's Judgment of Conviction and Commitment. *See* Fed. R. Evid. 201; *Lee*, 250 F.3d at 689.

**MEMORANDUM DECISION AND ORDER - 9**

Jefferson County Defendants is inappropriate. However, the 42-day deadline for filing a notice of appeal in an Idaho state criminal case is jurisdictional. *See* Idaho App. R. 21. Even if Petitioner had filed a late notice of appeal, that appeal would have been dismissed for lack of jurisdiction. *See State v. Fuller*, 665 P.2d 190, 190 (per curiam) (Idaho Ct. App. 1983) (holding that notice of appeal filed 43 days after judgment of conviction was untimely and, therefore, was "a jurisdictional defect which require[d] dismissal of the appeal").

Therefore, the alleged constitutional violation was completed once Plaintiff's appeal deadline expired, and nothing the Jefferson County Defendants did after that date could have affected Plaintiff's right to appeal. Because the Jefferson County Defendants did not proximately cause the alleged violation of the right to access the courts, Plaintiff's remaining § 1983 claims must be dismissed. Plaintiff's state law claims against the Jefferson County Defendants must be dismissed for the same reason.

3. **Plaintiff's Motion to Accept Exhibits as Response to Discovery**

Because the Court will grant the Jefferson County Defendants' Motion to Dismiss, Plaintiff's Motion to Accept Exhibits as Responses to Discovery is moot.

4. **Conclusion**

Because the actions of the Jefferson County Defendants did not proximately cause a violation of Plaintiff's right of access to the courts, either under § 1983 or the Idaho State Constitution, all claims against them must be dismissed.

# ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Supplement (Dkt. 45), construed as a motion to amend the Complaint, is DENIED.

2. The Jefferson County Defendants' Motion to Dismiss (Dkt. 21) is GRANTED, and this case is DISMISSED with prejudice.

3. Plaintiff's Motion to Accept Exhibits as Response to Discovery (Dkt. 49) is DENIED as MOOT.

DATED: December 4, 2017

_____
B. Lynn Winmill
Chief Judge
United States District Court